IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHNNY SIMMONS,

    Appellant,

v.

MARY IDA TOWNSON, STANDING
CHAPTER 13 TRUSTEE,

    Appellee.

CIVIL ACTION NO.
1:06-CV-1675-JEC

## ORDER & OPINION

This case is presently before the Court on the United States Bankruptcy Court for the Northern District of Georgia's June 8, 2006 Order. The Court has reviewed the record and the Bankruptcy Court's Order and, for the reasons set out below, concludes that the Bankruptcy Court's June 8, 2006 Order [7] should be **AFFIRMED**.

### BACKGROUND

This case commenced as a Chapter 7 case filed by the debtor through his counsel, James Morton, on April 5, 2005.[1]  (June 8, 2006 Order at 2.)  Subsequently, on April 25, 2005, Pramco, III, LLC

---

[1] The facts of this case are taken from two Orders rendered by the United States Bankruptcy Court for the Northern District of Georgia on June 28, 2005 and June 8, 2006 regarding this matter. ("June 8, 2006 Order" and "June 28, 2005 Order")  Neither party disputes the facts as presented in these Orders.

AO 72A
(Rev.8/82)

("Pramco") filed a motion for relief from an automatic stay as to commercial property located at 5956 Old Dixie Highway in Forest Park, Georgia (the "Forest Park Property"). ("June 28, 2005 Order" at 1.)

A hearing regarding Pramco's motion for relief was scheduled for, and conducted on, May 17, 2005. (*Id*. at 2.) Based on the evidence presented at the hearing, the Bankruptcy Court directed counsel to prepare a written order granting Pramco's motion for relief, without prejudice to the rights of the debtor, if any, to assert claims against Pramco or its predecessor, Bank of America, in state court. (*Id*.) Prior to entry of the written order, a new lawyer representing debtor, Schuyler Elliot, filed an "Emergency Motion to Reconsider the Motion for Relief Filed by Pramco, III, LLC, et. al, Motion for Evidentiary Hearing, and Motion to Reimpose the Stay." (*Id*.) In this motion, debtor alleged that the Forest Park Property had substantial equity, the foreclosure sale was not conducted fairly, and debtor was not provided with verification of the debt or accurate payoff numbers. (*Id*.) The Bankruptcy Court entered an Order on June 7, 2005 directing debtor's lawyer to file a statement setting forth the basis for the requested relief on or before June 24, 2005. (*Id*. at 2-3.)

On June 23, 2005, Elliot filed the following two motions: (1) a motion to withdraw as debtor's counsel; and (2) a Statement on behalf of the debtor pursuant to the Court's June 7, 2005 Order. (*Id*. at

2

3.) There being no opposition to the motion to withdraw, the Bankruptcy Court granted the motion on July 11, 2005. (*Id.*) Pramco filed a response to the debtor's Statement on June 27, 2005. (*Id.*)

In the meantime, debtor also filed a *pro se* motion to convert the case from one under Chapter 7 to Chapter 13. (*Id.* at 4) A hearing on this motion was set for, and occurred on, July 13, 2005. (*Id.*) At this time, because the debtor still had not filed any schedules or statement of financial affairs as required by the Bankruptcy Code and the Bankruptcy Rules, the Bankruptcy Court could not properly consider the debtor's motion. (*Id.*) The Bankruptcy Court granted debtor until August 13, 2005 to file the required schedules, the statement of financial affairs, and a Chapter 13 plan. (*Id.*) The Bankruptcy Court also stated that if the papers were not filed, it would deny the motion to convert. (*Id.*) The debtor filed a plan in August of 2005, but debtor left the amount of the plan payment blank. (June 8, 2006 Order at 2.)

A hearing was held on September 27, 2005 regarding debtor's motion to convert the case from Chapter 7 to Chapter 13. (*Id.*) At this hearing, debtor appeared with Stanley Kakol, a new attorney. (*Id.*) During the hearing, debtor requested, and the Bankruptcy Court granted debtor's request to reset the hearing. (*Id.*) The rescheduled hearing took place on October 11, 2005. (*Id.* at 2-3.) At the conclusion of the hearing, the Bankruptcy Court held that the

3

motion to convert to a Chapter 13 case could be granted, and directed Kakol, debtor's lawyer, to prepare an order granting the motion to convert. (*Id.* at 3.) Kakol prepared an order of conversion, and on December 2, 2005, the Bankruptcy Court granted debtor's motion to convert the case to one under Chapter 13. (*Id.*) A confirmation hearing originally scheduled for February 7, 2006 was reset for February 14, 2006. (*Id.*) A few days later on February 22, 2006, the Chapter 13 Trustee filed the motion, the disposition of which is presently on appeal, to reconvert the case back to Chapter 7. (*Id.* at 4.) A reset confirmation hearing was set for March 23, 2006. (*Id.*)

At the same time that Pramco was seeking relief, Washington Mutual sought relief from the automatic stay on property located at 8576 Timberlake Trail, Riverdale, Georgia (the "Riverdale Property") (*Id.* at 4.) However, because debtor had requested conversion of the case to Chapter 13, the court did not lift the automatic stay. (*Id.* at 4-5.) Washington Mutual filed a motion for entry of an order granting it relief from the stay, and a hearing was set for February 28, 2006. (*Id.* at 5.) On March 2, 2006, the parties entered into an interim consent order, which required debtor to pay $2,800.00 to Washington Mutual by March 14, 2006 and to propose a confirmable plan by the reset confirmation date of March 23, 2006. (*Id.*)

4

At the March 23, 2006 hearing, Washington Mutual stated that the debtor paid the $2,800.00 pursuant to the Bankruptcy Court's Order dated March 2, 2006, but the Chapter 13 Trustee indicated that debtor had been substantially delinquent in plan payments totaling some $4,612.00. (*Id.*) Washington Mutual also stated that debtor had a post-petition mortgage payment delinquency in excess of $8,000.00. (*Id.* at 6.) However, debtor argued that he could make substantial progress in paying off the plan payments because his wife had additional income and few creditors filed claims as of March 23, 2006. (*Id.*) He, therefore, requested a further reset until some time after April 18, 2006. (*Id.*)

The Bankruptcy Court granted debtor's request and reset the matter for May 9, 2006. (*Id.*) The Bankruptcy Court instructed debtor to file a report, one week prior to May 9, 2006, detailing the status of the number of filed claims, the status of tax returns, and an explanation as to how the debtor was going to make the required delinquent plan payments. (*Id.*) The Bankruptcy Court also required debtor, in an Order issued pursuant to the March 23, 2006 hearing, to resume regular monthly mortgage payments to Washington Mutual and to make all payments to the Chapter 13 Trustee in a timely manner. (*Id.*) Finally, the Order requested that debtor have a confirmable plan by May 9, 2006. (*Id.*) The Bankruptcy Court advised debtor that if he did not have a confirmable plan by May 9, 2006, it could enter

5

AO 72A
(Rev.8/82)

an order converting the case to a Chapter 7 case. (*Id.*) On May 9, 2006, the evidence demonstrated that debtor's plan payments were delinquent, and the Chapter 13 Trustee once again requested that the case be converted to a Chapter 7 case. (*Id.* at 7.) Debtor's counsel, on the other hand, requested more time to prepare a new plan with a lower monthly payment. (*Id.*)

The Bankruptcy Court, however, concluded that a further reset was not appropriate, and that based on "[t]he economics of this case...[i]t appears that creditors could be paid a substantial portion of their claims in a Chapter 7 case if a trustee liquidated some or all of the non-exempt assets." (*Id.*) Accordingly, because debtor failed to file a confirmable plan in one year and could not stay current with the Chapter 13 Trustee of the plan on file, the court granted Chapter 13 Trustee's motion to reconvert the case to one under Chapter 7.

## DISCUSSION

When reviewing a final order of a bankruptcy court, the District Court sits as an appellate tribunal. *In re Latta*, 189 B.R. 222, 224 (N.D. Ga 1995). In this role, the district court must accept the bankruptcy court's findings of fact so long as they are not clearly erroneous, and subjects conclusions of law to a *de novo* review. *In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989).

6

Based on the evidence before this Court and a review of the Bankruptcy Court's factual and legal findings, this Court concludes that the Bankruptcy Court correctly determined that debtor's case should be reconverted to one under Chapter 7. Chapter 13 requires the debtor to file a plan. 11 U.S.C. § 1321. The Chapter 13 plan should be filed with the petition, or in a case that has converted from another chapter, within 15 days thereafter, unless the court allows additional time for cause shown. Additionally, funding for the plan shall commence within thirty (30) days after the plan is filed. See Rule 3015(b) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 1326(a).

Here, although debtor filed a plan as early as August of 2005, this plan did not specify a plan payment. (June 8, 2006 Order at 2.) Under 11 U.S.C. § 1322(a)(1), the plan must "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." Based on this requirement, the proposed plan did not meet the requirements of 11 U.S.C. § 1322(a)(1). Furthermore, though having a full year to file a confirmable Chapter 13 plan, debtor did not do so. In addition,

AO 72A
(Rev.8/82)

debtor failed to make payments to the Trustees as required by the plan, and contrary to 11 U.S.C. § 1326. (June 8, 2006 Order at 9.)[2]

Conversion or dismissal of a case under Chapter 13 is governed by 11 U.S.C. § 1307(c). The Court may either convert the case to one under Chapter 7, or dismiss the case for cause, whichever option is in the best interests of the creditor(s), and, on a request by a party in interest, after a notice and a hearing. The listed "for cause" grounds in subsection (c) are not all inclusive. *In re Squittori*, Civ. A. No. 91-10369, 1991 WL 11002467, *2 (S.D. Ga. Sep. 17, 1991) (internal citations omitted.) Section 1307(c) provides:

> "(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title;

---

[2] Debtor did not object to this finding of fact.

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521; or

(11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition."

11 U.S.C. § 1307(c).

In the present case, there is evidence that the debtor failed to timely file a plan under section 1321 of this title and failed to make timely payments under section 1326 of the title. In fact, this case has proceeded for over one year, and debtor has yet to file a confirmable Chapter 13 plan. This delay is likely to cause prejudice to creditors, who cannot collect unsecured claims filed against debtor in the amount of some $64,788.00. As the Bankruptcy Court noted, without objection from debtor, "The debtor has assets that, if

liquidated, could pay creditors a substantial portion, if not all, of these claims. The debtor is not current with the Chapter 13 Trustee and has not proposed a feasible Chapter 13 plan." (June 8, 2006 Order at 9.) Based on this evidence, and the lack of objection by debtor regarding these facts, the District Court affirms the Bankruptcy Court's Order, and debtor's case may be converted under section 1307(c)(1), (3), and (4).

In addition, the Bankruptcy Court has authority to reconvert debtor's case after it denied confirmation of debtor's plan. 11 U.S.C. § 1307(c)(5). Here, because the Bankruptcy Court determined that debtor had not proposed a confirmable plan, it could reconvert debtor's case under Section 1307(c)(5).

Interestingly, debtor does not posit that he filed a confirmable Chapter 13 plan or that he is current with his monthly payments. Rather, debtor argues that the Court should not convert his Chapter 13 case to one under Chapter 7 because of problems with the administration of the foreclosure sale. ("Opp'n to Conversion" [7] at 3.) However, this argument is not relevant to the issues on appeal. Rather, this Court must only determine whether, based on the evidence before it, the Bankruptcy Court appropriately converted the debtor's case to one under Chapter 7. Any alleged irregularities with the foreclosure sale do not impact the Court's analysis

10

regarding this matter, and, thus, do not affect this Court's opinion regarding the conversion of debtor's case.

Debtor also objects to the Bankruptcy Court's June 8, 2006 Order, arguing that it contains and affirms various misrepresentations. Specifically, debtor states that Washington Mutual misrepresented the amount of certain payoff figures. (*Id.* at 4.) Similarly, debtor argues that the deficiency amount listed in the Bankruptcy Court's June 8, 2006 Order is incorrect. However, debtor does not present any evidence contradicting the payoff figures presented by Washington Mutual or the deficiency amount listed by the Bankruptcy Court in its June 8, 2006 Order. In the face of pure conjecture by the debtor, unsubstantiated by any evidence, the Court cannot credit debtor's argument. Debtor had over one year to propose a confirmable Chapter 13 plan and to get current on his payments. Because debtor has failed to do so, the Court finds it in the best interest of the creditors to convert this case to one under Chapter 7. Accordingly, given the nature of the litigation, and debtor's failure to file a Chapter 13 plan in one year, or to become current on his debts, the Bankruptcy Court did not act prematurely by converting the case to one under Chapter 7.

## **CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's June 8, 2006 Order [7]. The Clerk is directed to close this case.

SO ORDERED, this 27 day of February, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE